# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARION LAMAR HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1324-EFM-ADM |
| | ) | |
| TYSON FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER
## AND ORDER TO PLAINTIFF TO SHOW CAUSE

This matter comes before the court on defendant Tyson Foods, Inc.'s ("Tyson") Motion to Dismiss for Failure to Cooperate in Discovery (ECF No. 26). For the reasons discussed below, the court denies Tyson's motion but orders plaintiff Marion Lamar Hayes to show cause why he should not be held in contempt of court and/or fined for failure to comply with the court's discovery orders.

### I. BACKGROUND

Mr. Hayes filed this personal injury lawsuit in the district court of Finney County, Kansas, on February 1, 2018. Tyson removed the case to federal court on November 20, 2018, based on diversity jurisdiction. (*See* Notice of Removal (ECF No. 1).) On February 19, 2019, Tyson served Mr. Hayes with interrogatories and requests for production of documents. (*See* Certificate of Service (ECF No. 11).) Mr. Hayes' responses to this discovery were due on March 21. *See* FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). Mr. Hayes did not serve any objections or responses by that date.

On April 4, the court held a telephone discovery conference at the request of Tyson's counsel. During the conference, Mr. Hayes' counsel explained that his client lives out of state and is an over-the-road truck driver who has difficulty communicating with his counsel from the road.

The parties agreed that Mr. Hayes would serve his discovery responses by April 13, and the court ordered during the conference that he do so.

Mr. Hayes did not serve his discovery responses by April 13. Tyson's counsel once again requested a discovery conference with the court. During that telephone conference on May 2, Mr. Hayes' counsel noted that Mr. Hayes would be back in Kansas later that month, and the discovery responses could be completed then. The court ordered Mr. Hayes to serve his discovery responses on or before May 23. (*See* Order (ECF No. 24).) As of May 29, however, Mr. Hayes still had not served any discovery responses.

On May 29, Tyson filed the present motion to dismiss this case for Mr. Hayes' failure to participate in discovery.[1] Tyson argues that dismissal is appropriate because Mr. Hayes' failure to serve discovery responses has compromised its ability to litigate the case and comply with scheduling order deadlines. Discovery is set to close in less than a month, on June 30, and Tyson still does not have Mr. Hayes' discovery responses. Tyson also indicates that because it did not have adequate information on the care and treatment plaintiff received for his alleged injury (and plaintiff failed to disclose any experts in accordance with his March 31 scheduling order deadline), Tyson could not identify and disclose experts or request a physical exam by April 30, as required by the scheduling order. Tyson also notes that mediation has already been rescheduled from May 21 to June 18 because of Mr. Hayes' failure to provide discovery responses. Tyson does not believe it can productively participate in the upcoming June 18 mediation because Mr. Hayes still has not served discovery responses.

---

[1] Tyson also filed a motion requesting oral argument on its motion to dismiss (ECF No. 28). The court has discretion to "set any motion for oral argument or hearing." *See* D. KAN. RULE 7.2. Because oral argument would not materially assist the court in resolving Tyson's motion to dismiss, Tyson's motion for oral argument is denied.

Mr. Hayes' opposition to Tyson's motion again reiterates that Mr. Hayes is an over-the-road trucker and contends that he has not had the opportunity to return discovery responses to his counsel from the road. Mr. Hayes states that his failure to answer discovery is not intentional, but he does not indicate whether he has any plan whatsoever to respond to Tyson's discovery requests.

## II.　ANALYSIS

### A.　Dismissal as a Sanction

A court has discretion to "order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *See* FED. R. CIV. P. 37(d)(1)(A)(ii). In addition, if a party fails to obey "an order to provide or permit discovery," a court has discretion to "dismiss[] the action or proceeding in whole or in part." *See id.* Rule 37(b)(2)(A)(v). "[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'" *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). In evaluating whether dismissal is appropriate, the court must consider "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (alterations in original).

#### 1.　Prejudice to Tyson

Here, Tyson has suffered prejudice in preparing its defense. Mr. Hayes' discovery responses were due on March 21. He failed to respond by that deadline, forcing Tyson to seek the court's intervention. Mr. Hayes then ignored the subsequent deadlines to serve his discovery

3

responses that the court set during the April and May discovery conferences, forcing Tyson to repeatedly seek the court's assistance. It is now approximately three weeks from the close of discovery, and Tyson has no discovery responses or document production from Mr. Hayes.[2] Mr. Hayes' conduct has substantially prejudiced Tyson's ability to prepare for trial in the time allowed under the current scheduling order.

### 2. Interference with the Judicial Process

Mr. Hayes' failure to serve his discovery responses has also interfered with the judicial process. He has repeatedly missed deadlines and ignored the court's orders. Although discovery should be nearing completion, virtually none has taken place. The court anticipates the parties will need to move for an amended scheduling order or seek other appropriate relief to ameliorate any prejudice to Tyson, when they should have been able to easily comply with the current scheduling order deadlines but for Mr. Hayes' conduct.

### 3. Mr. Hayes' Culpability

Mr. Hayes insists that his failure to respond to Tyson's discovery is not intentional. The court appreciates that Mr. Hayes may have a difficult time communicating as an over-the-road truck driver. That is why the court gave Mr. Hayes some latitude in responding to the discovery requests. But with the ubiquity of cellular telephones and wireless technology, the court finds it implausible that Mr. Hayes could not have somehow coordinated with his counsel to provide

---

[2] Mr. Hayes indicates in his opposition that Tyson served identical discovery in the state case, and he responded to that discovery. (Resp. to Def.'s Mot. (ECF No. 30), at ¶ 2.) Mr. Hayes' responses to state court discovery are now immaterial. Discovery requests served in a state court case become "null and ineffective" following removal to federal court. *See Osborne v. Billings Clinic*, No. CV 14-126-BLG-SPW, 2014 WL 6769752, at *2 (D. Mont. Dec. 1, 2014) (finding state court discovery requests nullified upon removal and declining to analyze whether a party's responses to those requests complied with state rules of civil procedure); *see also Steen v. Garrett*, No. 2:12-CV-1662-DCN, 2013 WL 1826451, at *3 (D.S.C. Apr. 30, 2013) (collecting cases).

4

discovery responses during the nearly four-month period that Tyson's discovery requests have been pending. Mr. Hayes has an obligation to fulfill his discovery obligations and meaningfully participate in the discovery process.

### 4. Advance Warning of Dismissal

The court has twice ordered Mr. Hayes to serve his discovery responses on Tyson, to no avail. However, the court did not explicitly warn him that the court would dismiss his case if he failed to comply. A court is not obligated to warn a plaintiff that failure to cooperate in discovery may lead to dismissal of the plaintiff's case. *See Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 649 (D. Kan. 1999). But in this case, the court finds a warning is appropriate. The court therefore cautions Mr. Hayes that the court may dismiss this case if he continues to fail to comply with the federal rules and this court's orders.

### 5. Efficacy of Lesser Sanctions

Although Mr. Hayes' conduct has prejudiced Tyson and interfered with the judicial process, the court finds that dismissal is too drastic a sanction at this time. The court will instead order plaintiff to show cause why the court should not impose lesser sanctions, as discussed below.

### B. Mr. Hayes' Discovery Responses

Although the court will deny Tyson's motion, the court will once again order Mr. Hayes to serve his discovery responses. Because Mr. Hayes failed to make any timely objections to Tyson's discovery requests, any objections he may have asserted are waived. *See Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998). If Mr. Hayes does not serve his discovery responses and produce responsive documents on or before **June 21, 2019**, the undersigned will recommend that the court dismiss this lawsuit for failure to comply with the federal rules and court orders.

### III. ORDER TO SHOW CAUSE

In light of Mr. Hayes' conduct, the court orders him to show cause in writing by **June 21, 2019** why he should not be held in contempt of court and/or fined up to $1,000 per day from May 23, 2019 (the date the court ordered him to serve his discovery responses following the second discovery conference) until the day his discovery responses are actually served.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant Tyson Foods, Inc.'s Motion to Dismiss for Failure to Cooperate in Discovery (ECF No. 26) and Motion for Oral Argument on Defendant's Motion to Dismiss for Failure to Cooperate in Discovery (ECF No. 28) are denied. Plaintiff Marion Lamar Hayes shall serve his discovery responses—without objections—to Tyson's discovery requests, including producing all responsive documents, on or before **June 21, 2019**.

**IT IS FURTHER ORDERED** that plaintiff Marion Lamar Hayes show cause in writing by **June 21, 2019** why he should not be held in contempt of court and/or fined up to $1,000 per day from May 23, 2019, until the day his discovery responses are actually served.

**IT IS SO ORDERED.**

Dated June 13, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
