# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARION LAMAR HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1324-EFM-ADM |
| | ) | |
| TYSON FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter previously came before the court on defendant Tyson Foods, Inc.'s ("Tyson")
Motion to Dismiss for Failure to Cooperate in Discovery (ECF No. 26), after plaintiff Marion
Lamar Hayes failed to serve his discovery responses in accordance with court orders in April and
May of 2019. The court denied Tyson's motion but ordered Mr. Hayes to serve discovery
responses by June 21, 2019. The court also ordered Mr. Hayes to show cause as to why he should
not be held in contempt of court and/or fined for failure to comply with the court's previous
discovery orders. Mr. Hayes did not respond to the court's show cause order, and it is unclear
whether he fully complied with the court's third order requiring him to serve his delinquent
discovery responses. The court therefore sets this matter for an in-person hearing at which the
court will decide the extent to which it will impose monetary sanctions for Mr. Hayes' conduct
and discuss related matters regarding how to move this case forward, all as detailed below.

## I.      BACKGROUND

Mr. Hayes filed this personal injury lawsuit in the district court of Finney County, Kansas,
on February 1, 2018. Tyson removed the case to federal court on November 20, 2018. (*See* Notice
of Removal (ECF No. 1).) On February 19, 2019, Tyson served Mr. Hayes with interrogatories
and requests for production of documents. (*See* Certificate of Service (ECF No. 11).) Mr. Hayes'

discovery responses were due on March 21.  *See* FED. R. CIV. P. 33(b)(2); 34(b)(2)(A).  Mr. Hayes did not serve any objections or responses by that date.

On April 4, at Tyson's request, the court held a discovery conference.  During the conference, Mr. Hayes' counsel explained that his client lives out of state and is an over-the-road truck driver who has difficulty communicating with his counsel from the road.  The parties agreed that Mr. Hayes would serve his discovery responses by April 13, and the court ordered that he do so.

Mr. Hayes did not serve his discovery responses by April 13.  Tyson once again requested another discovery conference with the court.  During that telephone conference on May 2, Mr. Hayes' counsel noted that Mr. Hayes would be back in Kansas later that month, and the discovery responses could be completed then.  The court ordered Mr. Hayes to serve his discovery responses on or before May 23.  (*See* Order (ECF No. 24).)

Mr. Hayes did not serve his discovery responses by May 23, again ignoring the court-imposed deadline.  On May 29, Tyson filed a motion to dismiss this case for Mr. Hayes' failure to participate in discovery.  The court entered an order denying Tyson's motion (ECF No. 33) but ordered Mr. Hayes to produce his delinquent discovery response by June 21.  The court warned Mr. Hayes that continued failure to comply with the federal rules and court orders could result in dismissal of his case.  In addition, the court ordered Mr. Hayes to show cause in writing by June 21 why he should not be held in contempt of court and/or fined up to $1,000 per day from May 23 until the date he serves his discovery responses.

June 21 came and went.  Mr. Hayes did not file any response to the order to show cause.  Instead, he filed a Notice of Response to Discovery (ECF No. 34) stating that he had "served answers to [Tyson's] First Interrogatories and Request for Production of Documents" on June 21.

On June 24, Tyson informed the court that, contrary to Mr. Hayes' representation, he did not serve his responses to Tyson's document requests or any responsive documents by the June 21 deadline. (*See* Resp. to Pl.'s Notice (ECF No. 35) ¶ 6.) Tyson also states that Mr. Hayes' interrogatory responses "were neither fully answered nor verified by Plaintiff's signature." (*Id.*)

## II.    ANALYSIS

The court directed Mr. Hayes to show cause why he should not be held in contempt of court and/or fined up to $1,000 per day. (Mem. & Order (ECF No. 33), at 6.) The Federal Rules of Civil Procedure authorize sanctions where a party fails to obey an order to provide or permit discovery, including holding a party in contempt of court for failing to obey a court order. FED. R. CIV. P. 37(b)(2)(A)(vii). Instead of or in addition to the sanctions listed in Rule 37(b)(2)(A), "the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added).

The court finds monetary sanctions are warranted, and that the circumstances may also warrant certifying facts to the district judge pursuant to 28 U.S.C. § 636(e)(6)(B) to support a finding of civil contempt. The court begins with the reasoning already set forth in the court's prior order detailing Mr. Hayes' failure to comply with the court's first two orders compelling production. (*See* Mem. & Order (ECF No. 33).) Since then, Mr. Hayes did not file any response to the court's show cause order and it is unclear whether his noncompliance continued. Although Mr. Hayes filed a notice stating he served his discovery responses, Tyson disputes this representation and argues that Mr. Hayes served incomplete, unverified interrogatory responses

and did not serve any responses to its requests for production or responsive documents. Meanwhile, discovery closed on June 30, 2019.

The court cannot allow Mr. Hayes' pattern of ignoring the court's orders and failing to participate in discovery to continue. It is disruptive to the orderly and efficient administration of this case, and Tyson has suffered prejudice from Mr. Hayes' willful disregard of this court's orders and case schedule. The court therefore sets this matter for an in-person hearing at **9:00 a.m. on Tuesday, July 16, 2019** in Courtroom 643 at the courthouse in Kansas City, Kansas, to determine the nature and amount of these monetary sanctions, as well as whether certification of facts to the district judge pursuant to 28 U.S.C. § 636(e)(6)(B) is appropriate. At the hearing, the court expects the parties to be prepared to address the following subjects:

- the status of Mr. Hayes' compliance with the court's June 13, 2019 Memorandum and Order (ECF No. 33), including any outstanding discovery requests and any remaining discovery needs from Mr. Hayes;

- documentation to substantiate Tyson's attorneys' fees and costs incurred as a result of Mr. Hayes' failure to comply with the court's orders, including the estimated fees and costs associated with attending the in-person hearing;

- an explanation as to whether Mr. Hayes, his counsel, or both were responsible for the sanctionable conduct, as well as the ability of Mr. Hayes and/or his counsel to pay a monetary sanction; and

- a revised schedule to move this case forward.

Until then, the court vacates all remaining deadlines in this case.

**IT IS SO ORDERED.**

Dated July 2, 2019, at Topeka, Kansas.


s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge