IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARION LAMAR HAYES,  )
                                            )
    *Plaintiff*,              )
                                            )
v                                           )   Case No. 18-1324-EFM
                                            )
TYSON FOODS, INC.,               )
                                            )
    *Defendant*.          )
_____)

## **MEMORANDUM AND ORDER**

On November 20, 2018, Defendant Tyson Foods, Inc. removed this case from the District Court of Finney County, Kansas. The case had been filed there by Plaintiff on February 1, 2018.[1] None of the pleadings filed in state district court requested a jury trial; neither Plaintiff's petition nor Defendant's Answer. Defendant's removal designated Wichita, Kansas, as place of trial, but did not address the issue of trial by jury. The Civil Cover Sheet filed with removal noted that the Complaint did not demand a jury trial.

Following difficulties with Plaintiff's participation in discovery, a Final Pretrial Conference was held in front of Magistrate Judge Angel Mitchell on January 14, 2020. The Pretrial Order noted that the parties intended to file a joint motion for a jury trial, and were given until January 21, 2020, in which to do so. On that day, Plaintiff filed his Request for Jury Trial (Doc. 55). Contrary to the representation in the Pretrial Order, however, the request was not made jointly

---

[1] Though not relevant to this Order, removal nearly 10 months after filing was asserted timely because, Defendant's removal notice states, only in discovery responses filed on November 6, 2018, did Defendant learn that this case met the requirements for removal based on diversity of citizenship; namely, damages claimed in excess of $75,000.

between the parties. Moreover, the following day, Defendant filed Suggestions in Opposition to Plaintiff's Request for Jury Trial (Doc. 57).

Because Plaintiff had not timely demanded a jury trial, Defendant's Suggestions in Opposition asserted that, under Federal Rule of Civil Procedure 38(d) he had waived his right to do so. Defendant further asserted in these Suggestions that "issues on which a jury trial is not properly demanded are to be tried to the court," citing F.R.Civ.P. 39(b). Defendant did not cite the second sentence of that Rule, which states: "But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Defendant made no claim of prejudice from the late demand for jury trial.

F.R.Civ.P. 39(b) permits the district court, in its discretion, to order a jury trial notwithstanding a party's failure to make a timely jury demand. The Tenth Circuit has consistently recognized that absent "strong and compelling reasons to the contrary," a request for a jury trial should be granted.[2] Nonetheless, the Tenth Circuit has also held that district courts may deny relief under Rule 39(b) when the failure to make a timely jury demand results from nothing more than mere inadvertence.[3] This holding, however, does not require that a jury request be denied in such cases.[4] Rather, the district court has broad discretion.[5]

Fed.R.Civ.P. 38(a) provides that the right of trial by jury provided by the Seventh Amendment to the Constitution should be preserved inviolate. Certainly, under the rules, Plaintiff has forfeited his absolute right to demand a jury trial at this late date. But this Court, like many,

---

[2] *Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10 Cir. 1993); *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

[3] *Burciaga*, 982 F.2d at 409.

[4] *Goff v. Owen Healthcare, Inc.*, 166 F.R.D. 492, 495 (D. Kan. 1996).

[5] *Paramount Pictures Corp. v. Thompson Theaters*, 621 F.2d 1088, 1090 (10th Cir. 1980).

is reluctant to deny a party a trial by jury despite an untimely request, absent a showing of prejudice or other "strong and compelling reasons." None have been shown here. Indeed, Magistrate Judge Mitchell was left with the belief, from last week's Pretrial Conference, that both parties would jointly request a jury trial. Upon consideration of the circumstances in this case, the Court grants Plaintiff's Request for Jury Trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Jury Trial (Doc. 55) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE